**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 WELFARE FUND, ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 DEFINED CONTRIBUTION PENSION FUND, and ARCHITECTURAL METAL TRAINEE SCHOOL FOR LOCAL NO. 63 AND THE IRON LEAGUE OF CHICAGO, INC., | ) ) ) ) ) ) ) ) | Case No.: 1:22-cv-05757<br><br>Honorable Marvin E. Aspen |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| LEGNA INSTALLERS, INC., LEGNA IRON WORKS, INC., and WESTGATE ADDISON, LLC, | ) ) ) | |
| Defendants. | ) | |

**DEFENDANT LEGNA INSTALLERS INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' COMPLAINT**

NOW COMES Defendant **LEGNA INSTALLERS INC.** ("Legna Installers"), by and through its attorneys, Koehler Dinkel LLC, for its Answer and Affirmative Defenses to Architectural Iron Workers' Local No. 63 Welfare Fund, Architectural Iron Workers' Local No. 63 Defined Contribution Pension Fund, and Architectural Metal Trainee School for Local No. 63 and the Iron League of Chicago, Inc.'s ("Plaintiffs") Complaint, denies each and every allegation of said Complaint except as hereinafter expressly admitted and/or qualified.

**<u>JURISDICTION AND VENUE</u>**

1.     This action brings claims under Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. §1132, 1145 ("ERISA"), and Section 301 of the National Labor Relations Act, 29 U.S.C. §185 ("NLRA"), as amended. This court, therefore, has jurisdiction under the jurisdictional provisions of those Acts, as well as federal question jurisdiction under

28 U.S.C. §1331.

**ANSWER:** Legna Installers admits that Plaintiffs' Complaint purports to be brought pursuant to ERISA and the NLRA and admits that Plaintiffs' Complaint purports to establish jurisdiction pursuant to those statutes and pursuant to 28 U.S.C. §1331. Legna Installers denies any remaining allegations and denies any alleged violation of any law, plan document, or any contract.

2.     The Funds are administered in Oak Brook, Illinois. Venue, therefore, properly lies in the Northern District of Illinois under ERISA section 502(e)(2), 29 U.S.C. § 1 132(e)(2).

**ANSWER:** Legna Installers admits that venue is proper in this jurisdiction but denies any remaining allegations.

## FACTS COMMON TO ALL COUNTS

3.     The Plaintiffs are ERISA fringe benefit funds affiliated with Architectural Iron Workers Local Union #63 ("Union"), and have standing to sue pursuant to ERISA section 502(d)(l), 29 U.S.C. §1132(d)(l).

**ANSWER:** Legna Installers states the allegations in paragraph 3 of Plaintiffs' Complaint state a legal conclusion, rather than allegation of fact, for which no answer is required. To the extent that an answer is required, lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies.

4.     Legna Iron Works, Inc. {"Iron Works") incorporated in Illinois on October 5, 1989. (Ex. A).

**ANSWER:** Legna Installers admits that the document attached to Plaintiffs' Complaint as Exhibit A shows that Legna Iron Works, Inc. was incorporated in Illinois on October 5, 1989.

5.     From the time of incorporation to the present, Miguel Gonzalez at least partially owned Iron Works.

**ANSWER:** Legna Installers admits the allegations in paragraph 5 of Plaintiffs' Complaint.

6.     From the time of incorporation to the present, Miguel Gonzalez served as Iron

Works' President.

**ANSWER:**    Legna Installers denies allegations in paragraph 6 of Plaintiffs' Complaint.

7.    At all times pertinent, Iron Works' physical and mailing address was 80 Central Avenue, Roselle, IL 60172.

**ANSWER:**    Legna Installers admits the allegations in paragraph 7 of Plaintiffs' Complaint.

8.    Iron Works' has always been an employer engaged in activity affecting interstate commerce, specifically, ornamental and architectural iron work on residential, commercial, and industrial projects.

**ANSWER:**    Legna Installers states the allegations in paragraph 8 of Plaintiffs' Complaint state

a legal conclusion, rather than allegation of fact, for which no answer is required. To the extent

that an answer is required, Legna Installers denies.

9.    RG Erectors ("Erectors") incorporated in Illinois on March 27, 2000. (Ex. B).

**ANSWER:**    Legna Installers admits that the document attached to Plaintiffs' Complaint as

Exhibit B shows that RG Erectors was incorporated in Illinois on March 27, 2000.

10.    From the time of incorporation to its dissolution on August 14, 2009, Miguel Gonzalez at least partially owned Erectors.

**ANSWER:**    Legna Installers denies the allegations contained in paragraph 10 of Plaintiffs'

Complaint.

11.    While Antonio Torres served as Erectors' president, Miguel Gonzalez was part of Erectors' management team.

**ANSWER:**    Legna Installers denies the allegations contained in paragraph 11 of Plaintiffs'

Complaint.

12.    Antonio Torres also served as a part of Iron Works' management team.

**ANSWER:**    Legna Installers denies the allegations in paragraph 12 of Plaintiffs' Complaint.

13.    From its incorporation up to its dissolution, Erectors' physical address was the same as Iron Works' physical address.

**ANSWER:**    Legna Installers lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of Plaintiffs' Complaint and therefore denies.

14.    From its incorporation up to its dissolution, Erectors' mailing address was the same as Iron Works' mailing address.

**ANSWER:**    Legna Installers lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of Plaintiffs' Complaint and therefore denies.

15.    Erectors was always an employer engaged in activity affecting interstate commerce, specifically, ornamental and architectural iron work on residential, commercial, and industrial projects.

**ANSWER:**    Legna Installers states the allegations in paragraph 15 of Plaintiffs' Complaint state a legal conclusion, rather than allegation of fact, for which no answer is required. To the extent an answer is required, Legna Installers lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of Plaintiffs' Complaint and therefore denies.

16.    Legna Installers, Inc. ("Installers") incorporated in Illinois on March 20, 2006. (Ex. C).

**ANSWER:**    Legna Installers admits the allegations in paragraph 16 of Plaintiffs' Complaint.

17.    From the time of incorporation to the present, Miguel Gonzalez at least partially owned Installers.

**ANSWER:**    Legna Installers admits the allegations in paragraph 17 of Plaintiffs' Complaint.

18.    From the time of incorporation to the present, Miguel Gonzalez served as Installers' President.

**ANSWER:**    Legna Installers denies the allegations in paragraph 18 of Plaintiffs' Complaint.

19.    Antonio Torres also served as part of Installers' management team.

**ANSWER:**    Legna Installers admits that Antonio Torres serves as part of Installers' management team but denies any remaining allegations of paragraph 19 of Plaintiffs' Complaint.

20.     Installers' physical address has always been the same as Iron Works' physical address.

**ANSWER:**     Legna Installers admits the allegations in paragraph 20 of Plaintiffs' Complaint.

21.     Installers' mailing address has always been the same as Iron Works' physical address.

**ANSWER:**     Legna Installers admits the allegations in paragraph 21 of Plaintiffs' Complaint.

22.     Installers' primary phone number has always been the same as Iron Works' primary phone number.

**ANSWER:**     Legna Installers denies allegations in paragraph 22 of Plaintiffs' Complaint.

23.     Installers has always been an employer engaged in activity affecting interstate commerce, specifically, ornamental and architectural iron work on residential, commercial, and industrial projects.

**ANSWER:**     Legna Installers states the allegations in paragraph 23 of Plaintiffs' Complaint state a legal conclusion, rather than allegation of fact, for which no answer is required. To the extent that an answer is required, Legna Installers denies.

24.     Westgate Addison, LLC ("Westgate") organized in Illinois on November 24, 2004. (Ex. D).

**ANSWER:**     Legna Installers admits that the document attached to Plaintiffs' Complaint as Exhibit D shows that Westgate Addison, LLC was organized in Illinois on November 24, 2004.

25.     From the time of organization to the present, Miguel Gonzalez at least partially owned Westgate.

**ANSWER:**     Legna Installers admits the allegations in paragraph 25 of Plaintiffs' Complaint.

26.     From the time of organization to the present, Miguel Gonzalez served as a manager for Westgate.

**ANSWER:**     Legna Installers admits the allegations in paragraph 26 of Plaintiffs' Complaint.

27.     Westgate's physical address has always been the same as Iron Works' physical address.

**ANSWER:**     Legna Installers denies the allegations in paragraph 27 of Plaintiffs' Complaint.

28.     Westgate's mailing address has always been the same as Iron Works' physical address.

**ANSWER:**     Legna Installers denies the allegations in paragraph 28 of Plaintiffs' Complaint.

29.     Westgate has always been an employer engaged in activity affecting interstate commerce, specifically, ornamental and architectural iron work.

**ANSWER:**     Legna Installers states the allegations in paragraph 29 of Plaintiffs' Complaint state a legal conclusion, rather than allegation of fact, for which no answer is required. To the extent an answer is required, Legna Installers denies.

30.     Iron Works never entered into a Collective Bargaining Agreement ("CBA") with the Union.

**ANSWER:**     Legna Installers states the allegations in paragraph 30 of Plaintiffs' Complaint state a legal conclusion, rather than allegation of fact, for which no answer is required. To the extent that an answer is required, Legna Installers admits.

31.     Erectors entered into a CBA with the Union on November 3, 2003. (Ex. E).

**ANSWER:**     Legna Installers states the allegations in paragraph 31 of Plaintiffs' Complaint state a legal conclusion, rather than allegation of fact, for which no answer is required. To the extent that an answer is required, Legna Installers admits that the document attached as Exhibit E appears to be signed by Antonio Torres but it lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of Plaintiffs' Complaint.

32.     Installers entered into a CBA with the Union on March 20, 2006. (Ex. F).

**ANSWER:**     Legna Installers states the allegations in paragraph 32 of Plaintiffs' Complaint state a legal conclusion, rather than allegation of fact, for which no answer is required. To the extent an answer is required, Legna Installers admits that it signed the document attached to Plaintiffs' Complaint as Exhibit F on or about March 20, 2006, but denies the remaining allegations.

33.     The iron work performed by Iron Works, Erectors, Installers, and Westgate is covered-work under Article I, Section 1.1. of the CBA. (Ex. G).

**ANSWER:**     Legna Installers states the allegations in paragraph 33 of Plaintiffs' Complaint state a legal conclusion, rather than allegation of fact, for which no answer is required. To the extent an answer is required, Legna Installers denies.

34.     Erectors contributed to the Funds throughout its existence.

**ANSWER:**     Legna Installers lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of Plaintiffs' Complaint and therefore denies.

35.     Installers has regularly contributed to the Funds throughout its existence.

**ANSWER:**     Legna Installers admits the allegations contained in paragraph 35 of Plaintiffs' Complaint.

36.     Iron Works has occasionally contributed to the Funds, signing contribution reports containing a certification binding it to the Union's CBA.

**ANSWER:**     Legna Installers denies the allegations in paragraph 36 of Plaintiffs' Complaint.

37.     Union member Antonio Solis received wage statements on Iron Works' letterhead regarding wages paid to the member through Erectors. (Ex. H).

**ANSWER:**     Legna Installers lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of Plaintiffs' Complaint and therefore denies.

38.     The Iron Works/Erectors wage statements reflect the reduction of Solis' due union-scale by converting a higher number of hours actually worked to a lesser number of hours paid at union scale, so that the total amount paid approximates the actual hours worked at Iron Works' non-Union rate.

**ANSWER:**     Legna Installers lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of Plaintiffs' Complaint and therefore denies.

39.     Union member Richard Sandoval received wage statements in close, temporal proximity from Installers and Iron Works, with the Iron Works statements reflecting a lower cash payrate and no fringe benefit contributions. (Ex. I).

**ANSWER:**   Legna Installers denies the allegations contained in paragraph 39 of Plaintiffs' Complaint.

40.    Union member Sandoval also received wage statements in close, temporal proximity from Installers and Westgate, with the Westgate statements reflecting a lower cash payrate and no fringe benefit contributions. (Ex. I).

**ANSWER:**   Legna Installers admits based on the documents contained in Exhibit I attached to Plaintiffs' Complaint, it appears that Sandoval received paystubs from both Legna Installers and Westgate Addison during one overlapping time period.  Legna Installers admits that based on the documents contained in Exhibit I attached to Plaintiffs' Complaint, that Sandovel received wage statements from Installers and Westgate but denies any remaining allegations in paragraph 40 of Plaintiffs' Complaint.

41.    Union members Juan Becerra, Alfonso Herrejon, Miguel Herrejon, have also worked simultaneously and received wages from both Installers and Iron Works.

**ANSWER:**   Legna Installers admits that Juan Becerra, Alfonso Herrejon, Miguel Herrejon have also worked for Iron Works but denies any remaining allegations in paragraph 41 of Plaintiffs' Complaint.

42.    Iron Works has a website: http://www.legnairon.com, advertising "All services in one place," including "Installation."  (Ex. J).

**ANSWER:**   Legna Installers admits that the identified website states as quoted.

43.    The Iron Works website indicates "We not only fabricate iron and structural steel, we also install your project throughout Chicago." (Ex. J).

**ANSWER:**   Legna Installers admits that the identified website states as quoted.

44.    Installers' employees have used the same vehicles, and/or tools, and/or equipment used by Iron Works on its projects.

**ANSWER:**   Legna Installers denies the allegations contained in paragraph 44 of Plaintiffs' Complaint.

45.     Iron Works' employees have used the same vehicles and/or tools, and/or equipment used by Installers on its projects.

**ANSWER:**     Legna Installers denies the allegations contained in paragraph 45 of Plaintiffs' Complaint.

46.     Installers' employees have used the same vehicles, and/or tools, and/or equipment used by Westgate on its projects.

**ANSWER:**     Legna Installers denies the allegations contained in paragraph 46 of Plaintiffs' Complaint.

47.     Westgate's employees have used the same vehicles, and/or tools, and/or equipment used by Installers on its projects.

**ANSWER:**     Legna Installers denies the allegations contained in paragraph 47 of Plaintiffs' Complaint.

48.     Iron Works and Installers have shared general contractors, including the Chicago Public Schools, Path Construction, and Linn Mathes.

**ANSWER:**     Legna Installers denies the allegations contained in paragraph 48 of Plaintiffs' Complaint.

## COUNT I - DECLARATORY JUDGMENT
### (Single Employer)

49.     Plaintiffs reallege Paragraphs 1 through 48 as if more fully stated herein.

**ANSWER:**     Legna Installers reiterates its answers to paragraphs 1 through 48 of this Complaint as if more fully stated herein.

50.     Iron Works, Installers, and Westgate share common ownership in the person of Miguel Gonzalez.

**ANSWER:**     Legna Installers admits the allegations in paragraph 50 of Plaintiffs' Complaint.

51.     Iron Works, Installers, and Westgate share common management, including over labor relations, in the person of Miguel Gonzalez.

**ANSWER:**     Legna Installers denies the allegations in paragraph 51 of Plaintiffs' Complaint.

52.     Iron Works and Westgate treat Installers' employees as their own, the same way Iron Works treated Erectors' employees as its own.

**ANSWER:**     Legna Installers denies the allegations in paragraph 52 of Plaintiffs' Complaint.

53.     Iron Works, Installers and Westgate share the same business, to perform architectural and ornamental iron work.

**ANSWER:**     Legna Installers denies the allegations in paragraph 53 of Plaintiffs' Complaint.

54.     Iron Works, Westgate, and Installers are operationally indistinguishable as they share the  same physical and mailing address, same phone number, same equipment, same customers, and same employees.

**ANSWER:**     Legna Installers denies the allegations in paragraph 54 of Plaintiffs' Complaint.

55.     Defendants are so substantially integrated that they form a single employer.

**ANSWER:**     Legna Installers states the allegations in paragraph 55 of Plaintiffs' Complaint state a legal conclusion, rather than allegation of fact, for which no answer is required. To the extent an answer is required, Legna Installers denies.

## COUNT II -DECLARATORY JUDGMENT
### (Alter Ego)

56.     Plaintiff Funds reallege paragraphs 1 through 48 and  50 through  55 as though fully set forth herein.

**ANSWER:**     Legna Installers reiterates its answers to paragraphs 1 through 48 and 50 through 55 of this Complaint as though fully set forth herein.

57.     The purpose of the  continued, simultaneous operation of Iron Works, Westgate and Installers, was to permit Iron Works and Westgate to use skilled Union labor, while avoiding the attending labor obligations for such employees.

**ANSWER:**     Legna Installers denies the allegations in paragraph 57 of Plaintiffs' Complaint.

## COUNT III - AUDIT

58.     Plaintiff Funds reallege paragraphs 1 through 48 and 50 through 55, and 57, as though fully set forth herein.

**ANSWER:**     Legna Installers reiterates its answers to paragraphs 1 through 48 and 50 through

55, and 57 of this Complaint as though fully set forth herein.

59.    The Union CBA binds covered employers to the terms of the Trust Agreements that created the Funds.

**ANSWER:**    Legna Installers states the allegations in paragraph 59 of Plaintiffs' Complaint state a legal conclusion, rather than allegation of fact, for which no answer is required. To the extent an answer is required, Legna Installers denies.

60.    The Union CBA and Trust Fund Agreements requires that covered employers submit their books and records to the Funds' auditors to determine if the employer has met its contribution obligations to the Funds.

**ANSWER:**    Legna Installers states the allegations in paragraph 60 of Plaintiffs' Complaint state a legal conclusion, rather than allegation of fact, for which no answer is required. To the extent an answer is required, Legna Installers denies.

61.    Judicial precedent further holds that courts may order fringe benefit contribution compliance audits of non-signatory employers alleged to be single employers or alter egos, prior to a judicial determination that the employer is a single employer with or alter ego of a Union- signatory.

**ANSWER:**    Legna Installers states the allegations in paragraph 61 of Plaintiffs' Complaint state a legal conclusion, rather than allegation of fact, for which no answer is required. To the extent an answer is required, Legna Installers denies.

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, **LEGNA INSTALLERS, INC.**, and as for its Affirmative Defenses to Plaintiffs' Complaint incorporates its answers to the foregoing allegations of said Complaint as if such answers were set forth in full herein, and asserts further:

**FIRST AFFIRMATIVE DEFENSE:**    As and for its First Affirmative Defense, Legna Installers asserts that with respect to Plaintiffs' request to compel an audit, no actual controversy exists, Plaintiffs' claims are moot, Plaintiffs have no standing to pursue such relief, and the Court

lacks subject matter jurisdiction because Installers submitted to an audit and complied with all audit requests prior to the instant lawsuit being filed. Further, at one point during the audit, Legna Installers was informed by the auditors that there were no findings, and the audit was closed.

**SECOND AFFIRMATIVE DEFENSE:** As and for its Second Affirmative Defense, Legna Installers asserts that with respect to Plaintiffs' request to compel an audit, Plaintiffs' claims are moot as it has complied with any and all audit requests, and thus, the Court lacks subject matter jurisdiction.

**THIRD AFFIRMATIVE DEFENSE:** As and for its Third Affirmative Defense, Legna Installers asserts that Plaintiffs cannot recover under ERISA, NLRA, or any other basis because there are no amounts delinquent or due and owing to the Plaintiffs in this manner. As such, no actual controversy exists, the claims are moot, Plaintiffs have no standing to sue, and the Court lacks subject matter jurisdiction.

**FOURTH AFFIRMATIVE DEFENSE:** As and for its Fourth Affirmative Defense, Legna Installers asserts that Plaintiffs have failed to state a claim for which relief can be granted.

**FIFTH AFFIRMATIVE DEFENSE:** As and for its Fifth Affirmative Defense, Legna Installers asserts that Plaintiffs' claims, at least in part, are barred by settlement, release, waiver, and estoppel based on a Settlement Agreement entered into by Plaintiffs on or about November 30, 2016. Specifically, paragraph 3 of the Settlement Agreement states:

> In exchange for the good and valuable consideration, including the consideration set forth in this Agreement, the Trust Funds on behalf of themselves, and their attorneys, administrators, predecessors and successors, agents, trustees, affiliates, employees, participants, beneficiaries, officers, principals and representatives and assigns, hereby forever release and discharge Legna Installers and its predecessors and successors, and all past, present and future assigns, agents, parent companies, subsidiaries, affiliates, officers, directors, owners, shareholders, principals, employees, representatives, and attorneys from any and all actual or potential,

claims, demands, actions, request for sanctions, causes of action (including but not limited to claims for liquidated damages, contributions, interest, attorneys' fees and costs, and/or auditor's fees up to the date of signing this Agreement), breach of contract claims, torts, obligations, and any and all other liabilities known or unknown that the Trust Funds may have or later claim relating to the first audit for the period of January 2012 through December 31, 2014 and for the second audit for the period of January 1, 2015 through September 30, 2016.

**SIXTH AFFIRMATIVE DEFENSE:**     As and for its Sixth Affirmative Defense, Legna Installers asserts that it is entitled to its attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(1).

**SEVENTH AFFIRMATIVE DEFENSE:** As and for its Seventh Affirmative Defense, Legna Installers asserts that that this action is barred by waiver and estoppel.

**EIGHTH AFFIRMATIVE DEFENSE:**     As and for its Eighth Affirmative Defense, Legna Installers asserts that Plaintiffs' request for liquidated damages and other relief is arbitrary and capricious and/or void as a penalty and must be barred as such.

**NINETH AFFIRMATIVE DEFENSE:**     As and for its Nineth Affirmative Defense, Legna Installers asserts that action is barred to the extent it was not commenced within the applicable statute of limitations period.

**TENTH AFFIRMATIVE DEFENSE:**     As and for its Tenth Affirmative Defense, Legna Installers asserts that this action is barred by the doctrine of laches.

**ELEVENTH AFFIRMATIVE DEFENSE:**     As and for its Eleventh Affirmative Defense, Legna Installers asserts that Plaintiffs' claims are barred, in whole or in part, because, on information and belief, they have failed to exhaust contractual procedures and administrative remedies available through the collective bargaining agreement and audit process.

**TWELFTH AFFIRMATIVE DEFENSE:**     As and for its Twelfth Affirmative Defense, Legna Installers asserts that Plaintiffs have failed to meet conditions precedent to filing the

instant lawsuit – including but not limited to the fact that Plaintiffs failed to provide notice of a request for an audit.

**Defendant Legna Installers reserves the right to amend and assert additional defenses that may arise.**

**WHEREFORE**, Defendant **LEGNA INSTALLERS, INC.**, requests that this Court dismiss Plaintiffs' Complaint in its entirety, with prejudice, deny Plaintiffs' request for monetary damages, award Defendant its reasonable attorneys' fees and costs for defending against this action and grant such other relief as the Court deems just and reasonable.

Dated: December 19, 2022                   Respectfully submitted,

**LEGNA INSTALLERS, INC.**

By:    /s/ **Stephanie M. Dinkel**
          Stephanie M. Dinkel, Esq.
          Koehler Dinkel LLC
          900 S. Frontage Rd., Suite 300
          Woodridge, Illinois 60517
          Telephone: (630) 505-9939

**ATTORNEY FOR DEFENDANT**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on December 19, 2022, she electronically filed the

forgoing **DEFENDANT LEGNA INSTALLERS, INC.'S ANSWER AND AFFIRMATIVE**

**DEFENSES TO PLAINTIFFS' COMPLAINT** with the Clerk of the court using the CM/ECF

system, which will send notification of such filing to the following counsel of record:

GREGORIO, STEC, KLEIN & HOSÉ
2 N. LaSalle St., Suite 1650
Chicago, Illinois 60602

Andrew S. Pigott
Email: apigott@gregoriolaw.com

John Phillip Festa
Email: jfesta@gregoriolaw.com

Gregory Hosé
Email: ghose@gregoriolaw.com

/s/ Stephanie M. Dinkel
Stephanie M. Dinkel, Esq.