IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 WELFARE FUND, ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 DEFINED CONTRIBUTION PENSION FUND, and ARCHITECTURAL METAL TRAINEE SCHOOL FOR LOCAL NO. 63 AND THE IRON LEAGUE OF CHICAGO, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LEGNA INSTALLERS, INC., LEGNA IRON WORKS, INC., and WESTGATE ADDISON, LLC, <br><br> Defendants. | Case No.: 1:22-cv-05757 <br><br> Honorable Marvin E. Aspen |

## DEFENDANT LEGNA IRON WORKS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant LEGNA IRON WORKS INC. ("LIW") by and through its attorney, Klein Paull Holleb & Jacobs, Ltd, submit its Answer and Affirmative Defenses to Plaintiffs Complaint as follows:

### JURISDICTION AND VENUE

1. This action brings claims under Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. §1132, 1145 ("ERISA"), and Section 301 of the National Labor Relations Act, 29 U.S.C. §185 ("NLRA"), as amended. This court, therefore, has jurisdiction under the jurisdictional provisions of those Acts, as well as federal question jurisdiction under 28 U.S.C. §1331.

**ANSWER:** LIW admits that Plaintiffs' Complaint purports to be brought pursuant to ERISA and the NLRA, but denies the remaining allegations.

2. The Funds are administered in Oak Brook, Illinois. Venue, therefore, properly lies in the Northern District of Illinois under ERISA section 502(e)(2), 29 U.S.C. § 1132(e)(2).

**ANSWER:** LIW admits the allegations.

## FACTS COMMON TO ALL COUNTS

3. The Plaintiffs are ERISA fringe benefit funds affiliated with Architectural Iron Workers Local Union #63 ("Union"), and have standing to sue pursuant to ERISA section 502(d)(l), 29 U.S.C. §1132(d)(l).

**ANSWER:** LIW states the allegations state a legal conclusion, rather than allegation of fact, for which no answer is required. To the extent that an answer is required, LIW is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

4. Legna Iron Works, Inc. ("Iron Works") incorporated in Illinois on October 5, 1989. (Ex. A).

**ANSWER:** LIW admits the allegations.

5. From the time of incorporation to the present, Miguel Gonzalez at least partially owned Iron Works.

**ANSWER:** LIW admits the allegations.

6. From the time of incorporation to the present, Miguel Gonzalez served as Iron Works' President.

**ANSWER:** LIW denies allegations.

7. At all times pertinent, Iron Works' physical and mailing address was 80 Central Avenue, Roselle, IL 60172.

**ANSWER:** LIW admits the allegations.

8. Iron Works' has always been an employer engaged in activity affecting interstate commerce, specifically, ornamental and architectural iron work on residential, commercial, and industrial projects.

**ANSWER:** LIW states the allegations state a legal conclusion, rather than allegation of fact, for which no answer is required. To the extent that an answer is required, LIW denies the

allegations.

      9.     RG Erectors ("Erectors") incorporated in Illinois on March 27, 2000. (Ex. B).

**ANSWER:**    LIW admits the allegations.

      10.    From the time of incorporation to its dissolution on August 14, 2009, Miguel Gonzalez at least partially owned Erectors.

**ANSWER:**    LIW denies the allegations.

      11.    While Antonio Torres served as Erectors' president, Miguel Gonzalez was part of Erectors' management team.

**ANSWER:**    LIW denies the allegations.

      12.    Antonio Torres also served as a part of Iron Works' management team.

**ANSWER:**    LIW denies the allegations.

      13.    From its incorporation up to its dissolution, Erectors' physical address was the same as Iron Works' physical address.

**ANSWER:**    LIW is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

      14.    From its incorporation up to its dissolution, Erectors' mailing address was the same as Iron Works' mailing address.

**ANSWER:**    LIW is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

      15.    Erectors was always an employer engaged in activity affecting interstate commerce, specifically, ornamental and architectural iron work on residential, commercial, and industrial projects.

**ANSWER:**    LIW states the allegations state a legal conclusion, rather than allegation of fact, for which no answer is required. To the extent an answer is required, LIW is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

16. Legna Installers, Inc. ("Installers") incorporated in Illinois on March 20, 2006. (Ex. C).

**ANSWER:** LIW admits the allegations.

17. From the time of incorporation to the present, Miguel Gonzalez at least partially owned Installers.

**ANSWER:** LIW admits the allegations.

18. From the time of incorporation to the present, Miguel Gonzalez served as Installers' President.

**ANSWER:** LIW denies the allegations.

19. Antonio Torres also served as part of Installers' management team.

**ANSWER:** LIW and WA admit the allegations.

20. Installers' physical address has always been the same as Iron Works' physical address.

**ANSWER:** LIW admits the allegations.

21. Installers' mailing address has always been the same as Iron Works' physical address.

**ANSWER:** LIW admits the allegations.

22. Installers' primary phone number has always been the same as Iron Works' primary phone number.

**ANSWER:** LIW denies the allegations.

23. Installers has always been an employer engaged in activity affecting interstate commerce, specifically, ornamental and architectural iron work on residential, commercial, and industrial projects.

**ANSWER:** LIW states the allegations state a legal conclusion, rather than allegation of fact, for which no answer is required. To the extent that an answer is required, LIW denies the allegations.

24. Westgate Addison, LLC ("Westgate") organized in Illinois on November 24, 2004. (Ex. D).

4

**ANSWER:** LIW admits the allegations.

25. From the time of organization to the present, Miguel Gonzalez at least partially owned Westgate.

**ANSWER:** LIW admits the allegations.

26. From the time of organization to the present, Miguel Gonzalez served as a manager for Westgate.

**ANSWER:** LIW admits the allegations.

27. Westgate's physical address has always been the same as Iron Works' physical address.

**ANSWER:** LIW denies the allegations.

28. Westgate's mailing address has always been the same as Iron Works' physical address.

**ANSWER:** LIW denies the allegations.

29. Westgate has always been an employer engaged in activity affecting interstate commerce, specifically, ornamental and architectural iron work.

**ANSWER:** LIW states the allegations state a legal conclusion, rather than allegation of fact, for which no answer is required. To the extent an answer is required, LIW denies the allegations.

30. Iron Works never entered into a Collective Bargaining Agreement ("CBA") with the Union.

**ANSWER:** LIW admits the allegations.

31. Erectors entered into a CBA with the Union on November 3, 2003. (Ex. E).

**ANSWER:** LIW admits the allegations.

32. Installers entered into a CBA with the Union on March 20, 2006. (Ex. F).

**ANSWER:** LIW admits the allegations.

5

33. The iron work performed by Iron Works, Erectors, Installers, and Westgate is covered-work under Article I, Section 1.1. of the CBA. (Ex. G).

**ANSWER:** LIW denies the allegations.

34. Erectors contributed to the Funds throughout its existence.

**ANSWER:** LIW is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

35. Installers has regularly contributed to the Funds throughout its existence.

**ANSWER:** LIW admits the allegations.

36. Iron Works has occasionally contributed to the Funds, signing contribution reports containing a certification binding it to the Union's CBA.

**ANSWER:** LIW denies the allegations.

37. Union member Antonio Solis received wage statements on Iron Works' letterhead regarding wages paid to the member through Erectors. (Ex. H).

**ANSWER:** LIW is without knowledge or information sufficient to form a belief about the truth of the allegations, and, therefore, denies the allegations.

38. The Iron Works/Erectors wage statements reflect the reduction of Solis' due union-scale by converting a higher number of hours actually worked to a lesser number of hours paid at union scale, so that the total amount paid approximates the actual hours worked at Iron Works' non-Union rate.

**ANSWER:** LIW denies the allegations.

39. Union member Richard Sandoval received wage statements in close, temporal proximity from Installers and Iron Works, with the Iron Works statements reflecting a lower cash payrate and no fringe benefit contributions. (Ex. I).

**ANSWER:** LIW denies the allegations.

40. Union member Sandoval also received wage statements in close, temporal proximity from Installers and Westgate, with the Westgate statements reflecting a lower cash payrate and no fringe benefit contributions. (Ex. I).

**ANSWER:** LIW admits that Sandoval received wage statements from Installers and WA. LIW denies any remaining allegations.

41. Union members Juan Becerra, Alfonso Herrejon, Miguel Herrejon, have also worked simultaneously and received wages from both Installers and Iron Works.

**ANSWER:** LIW admits that Juan Becerra, Alfonso Herrejon, Miguel Herrejon have worked for LIW but denies any remaining allegations.

42. Iron Works has a website: http://www.legnairon.com, advertising "All services in one place," including "Installation." (Ex. J).

**ANSWER:** LIW admits the allegations.

43. The Iron Works website indicates "We not only fabricate iron and structural steel, we also install your project throughout Chicago." (Ex. J).

**ANSWER:** LIW admits the allegations.

44. Installers' employees have used the same vehicles, and/or tools, and/or equipment used by Iron Works on its projects.

**ANSWER:** LIW denies the allegations.

45. Iron Works' employees have used the same vehicles and/or tools, and/or equipment used by Installers on its projects.

**ANSWER:** LIW denies the allegations.

46. Installers' employees have used the same vehicles, and/or tools, and/or equipment used by Westgate on its projects.

**ANSWER:** LIW denies the allegations.

47. Westgate's employees have used the same vehicles, and/or tools, and/or equipment used by Installers on its projects.

**ANSWER:** LIW denies the allegations.

48. Iron Works and Installers have shared general contractors, including the Chicago Public Schools, Path Construction, and Linn Mathes.

**ANSWER:** LIW denies the allegations.

## COUNT I - DECLARATORY JUDGMENT
### (Single Employer)

49. Plaintiffs reallege Paragraphs 1 through 48 as if more fully stated herein.

**ANSWER:** LIW restates its answers to paragraphs 1 through 48 of this Complaint as if more fully stated herein.

50. Iron Works, Installers, and Westgate share common ownership in the person of Miguel Gonzalez.

**ANSWER:** LIW admits the allegations.

51. Iron Works, Installers, and Westgate share common management, including over labor relations, in the person of Miguel Gonzalez.

**ANSWER:** LIW denies the allegations.

52. Iron Works and Westgate treat Installers' employees as their own, the same way Iron Works treated Erectors' employees as its own.

**ANSWER:** LIW denies the allegations.

53. Iron Works, Installers and Westgate share the same business, to perform architectural and ornamental iron work.

**ANSWER:** LIW denies the allegations.

54. Iron Works, Westgate, and Installers are operationally indistinguishable as they share the same physical and mailing address, same phone number, same equipment, same customers, and same employees.

**ANSWER:** LIW denies the allegations.

55. Defendants are so substantially integrated that they form a single employer.

**ANSWER:** LIW denies the allegations.

## COUNT II - DECLARATORY JUDGMENT
### (Alter Ego)

56. Plaintiff Funds reallege paragraphs 1 through 48 and 50 through 55 as though fully set forth herein.

8

**ANSWER:** LIW restates its answers to paragraphs 1 through 48 and 50 through 55 of this Complaint as though fully set forth herein.

57. The purpose of the continued, simultaneous operation of Iron Works, Westgate and Installers, was to permit Iron Works and Westgate to use skilled Union labor, while avoiding the attending labor obligations for such employees.

**ANSWER:** LIW denies the allegations.

### COUNT III - AUDIT

58. Plaintiff Funds reallege paragraphs 1 through 48 and 50 through 55, and 57, as though fully set forth herein.

**ANSWER:** LIW restates its answers to paragraphs 1 through 48 and 50 through 55, and 57 of this Complaint as though fully set forth herein.

59. The Union CBA binds covered employers to the terms of the Trust Agreements that created the Funds.

**ANSWER:** LIW states the allegations state a legal conclusion, rather than allegation of fact, for which no answer is required. To the extent an answer is required, LIW denies the allegations.

60. The Union CBA and Trust Fund Agreements requires that covered employers submit their books and records to the Funds' auditors to determine if the employer has met its contribution obligations to the Funds.

**ANSWER:** LIW states the allegations state a legal conclusion, rather than allegation of fact, for which no answer is required. To the extent an answer is required, LIW denies the allegations.

61. Judicial precedent further holds that courts may order fringe benefit contribution compliance audits of non-signatory employers alleged to be single employers or alter egos, prior to a judicial determination that the employer is a single employer with or alter ego of a Union-signatory.

**ANSWER:** LIW states the allegations state a legal conclusion, rather than allegation of fact, for which no answer is required.

## **AFFIRMATIVE DEFENSES**

1. LIW asserts that Plaintiffs have failed to state a claim for which relief can be granted with respect to LIW on any of the Counts of the Complaint.

2. LIW asserts that action is barred to the extent it was not commenced within the applicable statute of limitations period.

Defendant LIW reserves the right to amend and assert additional defenses that may arise.

**WHEREFORE**, Defendant LIW denies that the Plaintiffs are entitled to the relief requested and that the Complaint be dismissed in its entirety.

Dated: December 19, 2022　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　**LEGNA IRON WORKS, INC.**

　　　　　　　　　　　　　　　　　　　　　　By:　/s/ Joshua D. Holleb
　　　　　　　　　　　　　　　　　　　　　　　　　Joshua D. Holleb
　　　　　　　　　　　　　　　　　　　　　　　　　Klein Paull Holleb & Jacobs, LTD
　　　　　　　　　　　　　　　　　　　　　　　　　660 LaSalle Place, Suite 100
　　　　　　　　　　　　　　　　　　　　　　　　　Highland Park, Illinois 60035
　　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (847) 681-9100

　　　　　　　　　　　　　　　　　　　　　　**ATTORNEY FOR DEFENDANT**
　　　　　　　　　　　　　　　　　　　　　　**LEGNA IRON WORKS, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT LEGNA IRON WORKS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT** was served upon:

>ANDREW S. PIGOTT
>GREGORIO, STEC, KLEIN & HOSÉ
>2 N. LaSalle St., Suite 1650
>Chicago, Illinois 60602

via the CM/ECF Electronic Filing System this 19th day of December, 2022.

>/s/ Joshua D. Holleb
>Joshua D. Holleb