IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 WELFARE FUND, et al.<br><br>    Plaintiffs,<br>v.<br><br>LEGNA INSTALLERS INC., LEGNA IRON WORKS, INC., and WESTGATE ADDISON, LLC,<br><br>    Defendants. | Case No. 22 C 5757<br><br>Magistrate Judge Sunil R. Harjani |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Joint Motion to Quash Plaintiffs' Third-Party Subpoenas [34]. For the reasons stated below, the Court denies the motion.

## BACKGROUND

Plaintiffs bring claims under Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. §1132, 1145 ("ERISA"), and Section 301 of the National Labor Relations Act, 29 U.S.C. §185 ("NLRA"), as amended. *See* Docs. 1, 48. Plaintiffs allege that Defendants constitute a single employer or, in the alternative, are alter egos of each other and seek a declaration that they bear that relationship. *Id*. Plaintiffs seek an ERISA fringe benefit contributions audit of all three Defendants and a judgment based on the findings for which the Defendants would be jointly and severally liable.

On February 13, 2023, the parties filed an agreed discovery schedule with written discovery to issue by April 13, 2023 and discovery to close by December 31, 2023. *See* Doc. 30. On February 20, 2023, Plaintiffs served third-party subpoenas to five of Defendants' clients and business partners—Casa Durango GP, LLC, EMC Insurance, First American Bank, Itasca Bank

1

& Trust, Co., Linn-Mathes, Inc. *See* Docs. 35-1, 35-2, 35-3, 35-4, 35-5. Defendants now move to quash the subpoenas because they are duplicative, unduly burdensome, seek irrelevant information, and are not proportional to the needs of the case. Doc. 35. At 5-11. Defendants also allege that Plaintiffs failed to comply with Federal Rule of Civil Procedure 45 and Local Rule 37.2. *Id*. at 11-12. In response, Plaintiffs claim that Defendants' motion should be denied for three reasons. First, Plaintiffs contend that Defendants lack standing to bring the motion because the subpoena was directed to third parties, not Defendants. Doc. 40 at 3-7. Second, Plaintiffs assert that they complied with Rule 45 and Local Rule 37.2. *Id*. at 11-13. Third, Plaintiffs argue that the information sought in the subpoenas is relevant. *Id*. at 7-11. The Court takes each argument in turn.

## DISCUSSION

Federal Rule of Civil Procedure 45(d)(3) governs motions to quash or modify a third-party subpoena. Upon a timely motion, Rule 45(d) mandates that the court quash or modify a subpoena if the subpoena "subjects a person to undue burden" or "requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Fed. R. Civ. P. 45(d)(3)(A)(iii-iv). Rule 45(d) likewise permits "a person subject to or *affected* by a subpoena" to file a motion to quash or modify a subpoena that requires "disclosing a trade secret or other confidential research, development, or commercial information[.]" Fed. R. Civ. P. 45(d)(3)(B) (emphasis added). The moving party must establish the impropriety of the subpoena. *See CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002); *see also Simon v. Nw. Univ*., 2017 WL 66818, at *2 (N.D. Ill. Jan. 6, 2017); *Hard Drive Prods. v. Does 1-48*, 2012 WL 2196038, at *6 (N.D. Ill. June 14, 2012). In considering these issues, magistrate judges "enjoy extremely broad discretion in controlling discovery." *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013); *see also Hunt v. DaVita,*

*Inc.*, 680 F.3d 775, 780 (7th Cir. 2012) (citations omitted) ("District courts have broad discretion in supervising discovery ... for they are much closer to the management of the case and the host of intangible and equitable factors that may be relevant in exercising such discretion.").

**A.     Standing**

Because Defendants are moving to quash the subpoena directed to various non-parties, the Court first addresses the threshold issue of standing. "Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action[.]" *CMB Exp., LLC v. Atteberry*, 2014 WL 12849793, at *3 (C.D. Ill. July 16, 2014) (internal quotations and citations omitted). However, a party has standing to move to quash a non-party subpoena if it "infringes upon the movant's legitimate interests." *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982). Examples of legitimate interests include asserting work product or attorney-client privilege, interference with business relationships, or production of private information about the party that may be in the possession of a third party. *See Parker v. Four Seasons Hotels, Ltd*, 291 F.R.D. 181, 187 (N.D. Ill. 2013).

Here, Defendants have asserted a legitimate interest in the documents that Plaintiffs have requested in the third-party subpoenas. Doc. 35 at 3-5. First, Defendants allege an interest in their business, financial, and insurance-related records. *Id*. at 4. Specifically, Plaintiffs' subpoenas seek financial records and bank information, including account opening documents, account statements, checks issued and received, security agreements, and personal information concerning owners and employees. *Id*. (*citing* Docs. 35-3 and 35-4, at Request Nos. 1-6). Additionally, Plaintiffs' subpoenas seek insurance policies, bonds, worker's compensation files, surety documents, and accident or injury reports. Docs. 35-1 and 35-5, at Request Nos. 5, 8; *see also* Doc. 35-2, at Request Nos. 1-2, 5, 7. Second, Defendants assert an interest in client information and communications.

3

Doc. 35 at 4-5. In particular, Plaintiffs' subpoenas seek correspondence between Defendants' personnel and their private clients, contract terms, and prices. *Id*. (*citing* Docs. 35-1 and 35-5, at Request Nos. 1, 6, 9). These types of requests for information that relate to Defendants' business are sufficient to establish a legitimate interest, and thus standing.

Furthermore, courts in this district have found standing to rule on motions to quash a non-party subpoena in similar circumstances. *See, e.g.*, *Bilek v. Nat'l Cong. of Emps., Inc.*, 2020 WL 10963975, at *3 (N.D. Ill. May 21, 2020) (granting defendants' motion to quash where defendants had "an interest in not having large amounts of their financial and business information produced"); *Sabuco v. Pecelunas*, 2019 WL 13215194, at *2 (N.D. Ill. Sept. 17, 2019) (finding defendant's ownership interest and his assertion about the interference with business relationships is sufficient to grant standing); *Noble Roman's, Inc. v. Hattenhauer Distrib. Co.*, 314 F.R.D. 304, 306 (S.D. Ind. 2016) (holding party has standing to bring motion to quash subpoenas served on a major shareholder of plaintiff); *Pain Ctr. of SE Indiana, LLC v. Origin Healthcare Sols. LLC*, 2015 WL 2166708, at *2 (S.D. Ind. May 8, 2015) (finding "[p]laintiffs have sufficient interest in their financial records and thus had standing"); *Farmer v. Senior Home Companions of Indiana, Inc.*, 2009 WL 564193, at *1 n.1 (S.D. Ind. Mar. 5, 2009) ( "[i]nterference with Defendant's relationship with its clients is a legitimate interest").[1] The burden to establish standing to challenge a Rule 45 subpoena is also not a high one. *See Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 517 (N.D. Ind. 2012) (only requiring a minimal privacy interest to establish standing to quash a Rule 45 subpoena). Thus, because Defendants have at least a minimal and legitimate interest in the documents requested, they can contest the issuance of the non-party subpoenas.

---

[1] The case Plaintiffs rely on, *Bell v. Lantz*, 2015 WL 6609290 (S.D. Ind. Oct. 30, 2015), supports Defendants' argument for standing. The court in *Bell* held that "[a] party has standing to challenge third-party subpoenas seeking the party's financial records." *Id*. at *2.

B.      **Procedural Requirements of Rule 45 and Local Rule 37.2**

Plaintiffs next assert that they complied with Federal Rule of Civil Procedure 45 and Local Rule 37.2.  Beginning with Rule 45, Rule 45(a)(4) requires notice to other parties before service of a subpoena to non-parties.  Specifically, "[i]f the subpoena commands the production of documents ... then *before* it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4) (emphasis added).  The Advisory Committee Notes explain that the point of prior notice is to allow the opposing party an opportunity to object or to serve a subpoena for additional materials. Fed. R. Civ. P. 45(a)(4) advisory committee's note to 2013 amendment; *see also Bilek*, 2020 WL 10963975, at *3 ("[Rule 45(a)(4)] is intended to encourage the parties to work out or at least narrow their differences before a court or third party addresses them."); *Ello v. Brinton*, 2017 WL 56316, at *5 (N.D. Ind. Jan. 5, 2017) (excusing Rule 45 notice requirements where a party provided notice shortly after the non-party subpoenas were served and the opposing party had an opportunity to object).

On February 20, 2023, Plaintiffs' counsel emailed Defendants' counsel: "[p]lease find attached five subpoenas Plaintiffs issued today in the above-referenced matter, with a response date of March 22, 2023." *See* Doc. 35-14 at 5.  Defendants' counsel responded that Plaintiffs failed to provide advanced notice pursuant to Rule 45. *Id*. at 4.  Plaintiffs' counsel then clarified that the "subpoenas have yet to hit today's mail, let alone reach their intended targets. By our email to you, with the subpoenas attached, we have provided you with the advance notice required." *Id*. Plaintiffs' position is that providing notice on the same day as service was sufficient.

This is not the best practice.  Of course, with only hours' notice before the subpoenas hit the mail, Defendants did not have sufficient time by which to object and seek to resolve any dispute over the requests in the subpoena.  Nevertheless, Rule 45 does not specific how much notice is required.  Ultimately, the Court finds that Plaintiffs satisfied the requirements of Rule 45(a)(4) by

5

providing notice to the parties before the subpoenas were served. But, the Court encourages the Plaintiffs to not replicate this conduct in the future, and also consider what professional courtesy they would prefer under similar circumstances.

Turning to Local Rule 37.2, Defendants claim that Plaintiff violated this rule because it served the subpoena before engaging in a meet and confer session. However, Plaintiffs did not violate Local Rule 37.2 because the meet-and-confer requirement pertains to filing motions, not serving subpoenas. *See Whitchurch v. Canton Marine Towing Co.*, 2017 WL 4284540, at *1 (C.D. Ill. Sept. 27, 2017) ("Rule 45 does not have a meet and confer requirement."). Regardless, before Defendants filed the instant motion, the parties engaged in written discussions and phone conversations regarding the scope of discovery, "including an additional conversation regarding this motion prior to filing." Doc. 35 at 12. Thus, the parties complied with Local Rule 37.2 before filing the motion before this Court.

**C.     The Third-Party Subpoenas**

The Court next considers whether the non-party subpoenas properly seek information within the bounds of Rule 26(b). Parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). As discussed below, Defendants' arguments center on relevance and burden.

1. **Relevance**

First, Defendants allege that the subpoenas should be quashed because the requests go

beyond information relevant to Plaintiffs' claim, include a broad temporal scope by requesting documents from 2012 to 2016, and request documents on a fishing expedition. The Complaint, however, paints a different picture. Relevance, particularly in the discovery phase, is a low bar to meet. Evidence is relevant, per the Federal Rules, if it "has any tendency" to make a fact of consequence "more or less probable than it would be without the evidence." Fed. R. Evid. 401(a)-(b). However, in determining the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure, relevance is construed broadly. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). After all, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The information Plaintiffs request in their subpoenas are generally relevant to this litigation within the meaning of Rule 26(b)(1), which applies "with equal force to nonparty discovery under Rule 45." *DeLeon-Reyes v. Guevara*, 2020 WL 3050230, at *3 (N.D. Ill. 2020).

In this case, Plaintiffs sufficiently explain that the allegations in their Complaint implicate the documents they seek through the non-party subpoenas. In particular, Plaintiffs' subpoenas seek evidence of contributions, operations, management, labor relations, ownership, the jobs Defendants worked on, employee pay, worker's compensation claims, and audit-related documents. First, the various organization and management-related documents that Plaintiffs seek may be relevant towards Plaintiffs' request for a declaratory judgment that Defendants are a single employer (Count I) or that the purported non-union Defendants, Iron Works, and Westgate are the alter egos of Installers or a single employer with Installers bound to Installers Collective Bargaining Agreement (Court II). *See* Doc. 1 at 6-7; *see also* Doc. 48 at 7-8. Second, the documents Plaintiffs seek concerning various jobs, employee pay, injuries, and insurance may be relevant towards Plaintiffs request for an audit (Count III). *See* Doc. 1 at 7; *see also* Doc. 48 at 9.

Therefore, the information Plaintiffs seek is within the scope of the three counts pled in Plaintiffs' Complaint, and thus, is relevant.

Furthermore, as explained by Plaintiffs, their requests for banking information may indicate common operations through the use of the same bank account or line of credit, authorized signatures, or transactions between Defendants. *See Cont'l Cas. Co. v. Symons*, 817 F.3d 979, 996 (7th Cir. 2016) ("Indicia of common identity, excessive fragmentation, or single business enterprise corporations may include, among other factors, the intermingling of business transactions, functions, property, employees, funds, records, and corporate names in dealing with the public.") (cleaned up); *Gorence v. Eagle Food Centers, Inc.*, 1994 WL 445149, at *2 (N.D. Ill. Aug. 16, 1994) (interrelation of operations includes "common offices, common record keeping, shared bank accounts and equipment"). Additionally, insurance information is relevant to determine whether the same policies suggest a single employer or alter ego relationship. *See Chicago Reg'l Council of Carpenters Pension Fund v. Carlson Constructors Corp.*, 2022 WL 874608, at *12 (N.D. Ill. Mar. 24, 2022) (considering common insurance program to support a finding or interrelated operations). Further, information about Defendants' customers is relevant in the single employer or alter ego analysis. *See Int'l Union of Operating Engineers, Loc. 150, AFL-CIO v. Rabine*, 161 F.3d 427, 433 (7th Cir. 1998).[2] As such, Plaintiffs have provided a sufficient relevancy basis consistent with Rule 26(b)(1) to seek production of the materials.

2. **Burden**

Second, Defendants assert that the non-party subpoenas are duplicative of discovery sent to them, and as a result, are unduly burdensome. According to Defendants, they should have been

---

[2] Plaintiffs have also explained how the information they seek related to bid practices, shared idiosyncrasies in invoices, officers signing contracts or change orders on behalf of a purportedly separate entity, and public funding of projects and prevailing wages may be relevant. *See* Doc. 40 at 9-11 (citations omitted).

8

given time to comply with the discovery requests before additional discovery was served on non-parties that requests identical documents sought from Defendants. Doc. 35 at 6-9. "Needless to say, any subpoena places a burden on the person to whom it is directed. Time must be taken from normal activities and resources must be committed to gathering the information necessary to comply." *In re: Subpoena Upon Nejame L., PA.*, 2016 WL 3125055, at *4 (N.D. Ill. June 3, 2016) (*quoting F.T.C. v. Shaffner*, 626 F.2d 32, 38 (7th Cir. 1980)). "When determining if a burden is undue," however, "the court must ask whether 'the burden of compliance with [the subpoena] would exceed the benefit of production of the material sought by it.'" *Id.* (*citing Nw. Mem'l. Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004)).

Here, Defendants have failed to articulate how the subpoenaed materials impose an undue burden on themselves or the non-parties. *See Doe v. Purdue Univ.*, 2019 WL 4565501, at *3 (N.D. Ind. Sept. 19, 2019) (finding party alleged subpoena to be broad but did not "connect this purported broadness to the imposition of a burden on himself or even the non-parties to whom the subpoena would be issued."). Indeed, "it is for the subpoena recipient, not the party to the litigation, to evaluate the burden of responding to the subpoena and the risk that responsive document will contain privileged information." *Bianchi v. Tonigan*, 2012 WL 5906536, at *2 (N.D. Ill. Nov. 26, 2012); *see also Wi-LAN, Inc. v. LG Elecs., Inc.*, 2011 WL 148058, at *2 (N.D. Ill. Jan. 18, 2011) ("The non-party opposing the subpoena must establish that it is unduly burdensome."). None of the subpoena recipients have objected on burden grounds (or for any reason). Rather, Plaintiffs received communication from one subpoena recipient that indicated the recipient could produce documents within thirty days. *See* Doc. 40 at 20. The communication did not mention undue burden or other inability to comply. To the extent any of the non-parties have concerns in responding to the subpoenas, including on grounds of relevance or burden, they may bring them

before this Court.

Furthermore, Defendants rely on their argument that the subpoena requests to the non-parties are duplicative of discovery sent to Defendants as a substitute for concrete examples of burden. However, Defendants do not discuss the volume of information sought nor the volume of documents that would be duplicative. Rather, Defendants have no idea how many documents responsive to the requests are actually in the possession, custody or control of the subpoena recipients, and thus cannot articulate the time and expense in producing materials. Indeed, the fact that the subpoena requests might be the same or similar does not mean that the responsive documents in the possession, custody or control of the subpoena recipients are the same as the documents in the possession, custody or control of the Defendants. Ultimately, speculation alone "is inadequate to establish undue burden." *See E.E.O.C. v. Aerotek, Inc.*, 815 F.3d 328, 334 (7th Cir. 2016). Thus, the Court will not quash the subpoena requests on alleged, and unspecified undue burden grounds at this time.

Finally, the parties have agreed to a confidentiality order, which prohibits the use of confidential information "for any purpose whatsoever other than in this litigation." Doc. 42 at § 5(a). The scope of the confidentiality order covers "[a]ll materials produced or adduced in the course Plaintiffs' on-going audit of Defendant Legna Installers and in discovery in this case, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom." *Id*. at § 1. The Court therefore finds that the confidentiality order sufficiently protects the sensitivity of documents that may implicate Defendants' confidentiality and privacy concerns. Additionally, as Plaintiffs suggest, any third party may also seek a protective order before responding to the subpoenas.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Quash [34] is denied.

**SO ORDERED.**

Dated:  April 17, 2023

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Sunil R. Harjani
United States Magistrate Judge

11